

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00192-CV

IN THE INTEREST OF K.L., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 91,275-E-FM, Honorable Douglas R. Woodburn, Presiding

September 3, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The trial court terminated A.L.'s parental rights to her daughter, K.L.; A.L. appealed from that judgment. Appointed counsel for A.L. filed a motion to withdraw, together with an *Anders*[1] brief in support thereof. In the latter, counsel certified that she diligently searched the record and concluded that the appeal was without merit. Appellate counsel also filed a copy of a letter sent to A.L. informing her of her right to file a pro se response. A.L. was also provided a copy of the appellate record, according to counsel. By letter dated July 31, 2019, this Court notified A.L. of her right to file her own brief or response by August 20, 2019, if she wished to do so. To date, no response has been received.

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

In compliance with the principles enunciated in *Anders*, appellate counsel discussed two potential areas for appeal. They encompassed the sufficiency of the evidence to support 1) at least one statutory ground upon which termination was based and 2) the finding that termination was in the child's best interest. Per our obligation specified in *In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied) (citing *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005)), we too reviewed the appellate record in search of arguable issues for appeal. None were found.

Furthermore, in conducting our review we observed that the multiple statutory grounds upon which termination was based included subsections (D) and (E) of § 161.001(b)(1) of the Texas Family Code. That observation coupled with the due process concerns mentioned by the Supreme Court in *In re N.G.*, ___ S.W.3d ___, 2019 Tex. LEXIS 465 (Tex. May 17, 2019) (per curiam) (involving a non-*Anders* setting) led us to also conduct a *sua sponte* review of the record to determine whether those findings were supported by the quantum of evidence mandated in *In re N.G.* They were. Yet, the *Anders* brief filed by appointed counsel does not reveal whether counsel undertook a similar review.

Counsel correctly observed that termination may be affirmed on any one statutory ground found by the factfinder, assuming, of course, sufficient evidence supported that ground. *In re M.M.*, No. 07-19-00105-CV, 2019 Tex. App. LEXIS 7505, at *5 (Tex. App.—Amarillo Aug. 21, 2019) (mem. op.). Nonetheless, a parent may encounter other future ramifications of a finding that termination was warranted on either (D) or (E), as explained in *N.G.* And, if such findings lacked evidentiary support, question arises as to whether an arguable issue exists pretermitting use of the *Anders* procedure, given those

2

ramifications. Thus, counsel would best serve and safeguard the interests of his or her client by conducting an evidentiary review of those findings when assessing whether the appeal is meritless; counsel would also assist the court in efficiently and accurately disposing of the appeal by illustrating that such a review were undertaken. *See id.* at *7 (wherein appointed counsel was asked to submit additional briefing).

Because our review of the record yielded no arguable issues, we concur with counsel's representation that the appeal is meritless. Accordingly, the judgment is affirmed.

Finally, we also call counsel's attention to the scope of an indigent parent's right to counsel. Such right encompasses the right to legal representation through the exhaustion of appeals, which may include petitioning for review by the Texas Supreme Court. *See In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) (per curiam). In explaining why counsel filed an *Anders* brief and motion to withdraw at bar, counsel told appellant: "[Y]ou have the *pro se* right to seek review of the Court of Appeals' decision from the Supreme Court of Texas." Telling a parent that he or she has a "pro se" right to seek further review implies that counsel need not assist in that endeavor. So implying may be inaccurate in view of *P.M.* Consequently, we take no action on counsel's motion to withdraw.

Brian Quinn
Chief Justice

3